**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SCOTT THOMAS BARRY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01869 (UNA) |

**MEMORANDUM OPINION**

Plaintiff has filed a *pro se* Complaint, ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons stated below, it dismisses this matter without prejudice.

Plaintiff, currently in the custody of the Indiana Department of Corrections, sues the United States Government, President Trump, the Department of Defense, the Central Intelligence Agency, and the National Security Agency. The allegations presented are less than clear. As best understood, Plaintiff purports to have close ties to several international organizations, communities, and individuals, and he contends that, if he is released from custody, and if he is bestowed billions of government dollars and the Defendants meet several other demands, including his provision of certain foods and "brain enhancement drugs," he will then engage in fruitful covert operations for the United States as a secret agent.

Relevant here, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and here, Plaintiff's Petition falls squarely into this category. Indeed, this Court is obligated to dismiss

Plaintiff's Petition because "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i), and the Court cannot exercise subject matter jurisdiction over such claims, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Accordingly, for these reasons stated above, this matter is dismissed without prejudice. Plaintiff's Motion for Default Judgment, ECF No. 4, and Motion to Reopen Case, ECF No. 6, are both denied. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: November 2, 2026